692 S.E.2d 641

Charles E. SETTLE, Jr.

v.

COMMONWEALTH of Virginia.

Record No. 1173–08–4.

Court of Appeals of Virginia.

May 11, 2010.

From the Circuit Court of Fauquier County, Herman A. Whisenant, Jr., Judge Designate.

Gilbert K. Davis, Fairfax, (Davis & Associates, LLC, on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General II (William C. Mims, Attorney General, on briefs), for appellee.

Present: KELSEY and PETTY, JJ., and CLEMENTS, S.J.

CLEMENTS, Judge.

This case returns to us from the Virginia Supreme Court. By unpublished order, after "[h]aving reviewed the record, briefs, and relevant statutes in the case," the Supreme Court "is of the opinion that it does not have jurisdiction over the portion of the appeal that was transferred by the Court of Appeals." *Settle v. Commonwealth,* No. 100520 (Va. Apr. 7, 2010). The Supreme Court thus transferred the case back to this Court pursuant to Code § 8.01–677.1.

In *Settle v. Commonwealth,* 55 Va.App. 212, 221, 685 S.E.2d 182, 186 (2009) (*Settle I* ), we concluded Code § 3.1–796.115 "is civil in nature" and that, accordingly, this Court did not have jurisdiction over the portion of Settle's appeal that challenged the forfeiture of his dogs pursuant to that statute.[1] Having now reviewed that challenge, we find it meritless.

___

1. We recently concluded in *Davis v. County of Fairfax,* Record No. 1697–08–4 (Mar. 2, 2010), that we "lack[ed] authority to conduct an

Settle was convicted in a bench trial of two counts of inadequate care by owner of companion animals, pursuant to Code § 3.1–796.68, and one count of dog at large, pursuant to Fauquier County Code §§ 4–22 and 13–1. Pursuant to Code § 3.1–796.115,[2] all of the dogs at issue were seized from appellant's control and placed in the care of local animal shelters. In *Settle I*, Settle argued only that the trial court erred in finding the evidence sufficient to prove he was the person who neglected the dogs. We held "that the witnesses' testimony identifying 'Charles Settle' was sufficient to prove beyond a reasonable doubt that the defendant, who was sitting in court in the witnesses' presence, was the same person with whom the witnesses dealt on numerous occasions." *Settle*, 55 Va.App. at 227, 685 S.E.2d at 189. Having previously concluded the evidence was sufficient to identify Settle as the owner of the dogs in question, we likewise conclude the resulting forfeiture of the animals pursuant to Code § 3.1–796.115 was proper.

Accordingly, the decision of the trial court is affirmed.

*Affirmed.*

independent review of the issue of our jurisdiction over" the case involving a civil forfeiture action under Code § 3.1–796.115, because the Supreme Court of Virginia had transferred the case to this Court noting it "appear[ed]" it did not have jurisdiction over the case.

2. After all proceedings below had been completed, Title 3.1 was repealed, revised, and reenacted as Title 3.2. *See* 2008 Va. Acts, ch. 860 (repealing Title 3.1 effective October 1, 2008); 2008 Va. Acts, ch. 510 (reenacting Code § 3.1–796.115, with amendments, as Code § 3.2–6569).